**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **GERALD W. HAYDEN,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.** |
| | : | **3:12-cv-00464 (VLB)** |
| **v.** | : | |
| | : | |
| **CISCO SYSTEMS, INC.** | : | **September 2, 2014** |
| **Defendant.** | : | |

**MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION TO VACATE**
**ARBITRATION DECISION [Dkt. 24]**

**I.      Introduction**

        The Plaintiff, Gerald W. Hayden, a Connecticut resident, brings this action against  Cisco Systems, Inc. ("Cisco") to vacate an arbitration award rendered by the Honorable Alan H. Nevas on February 16, 2012, in which Judge Nevas granted the Defendant summary judgment related to an employment discrimination arbitration ("the "Arbitration Decision").  For the reasons that follow, the application to vacate the Arbitration Decision is DENIED.

**II.      Background**

        On August 31, 2010, the Plaintiff submitted to the American Arbitration Association ("AAA") a demand against his former employer, Cisco, claiming that he was discriminated against on the basis of his age in violation of Conn. Gen. Stat. § 46a-60 of the Connecticut Fair Employment Practices Act.  The Plaintiff claimed that Cisco created a hostile work environment through various actions

1

and comments, and ultimately fired the Plaintiff.  The Plaintiff alleged that after his termination, the Defendant hired a younger, less experienced person to fill that position.  The Plaintiff also included claims wage and hour violations and common law claims for breach of contract and breach of the covenant of good faith and fair dealing.

After filing the demand, the case was assigned to Judge Nevas.  On December 8, 2011, the Defendant filed a motion for summary judgment, to which the Plaintiff responded on January 9, 2012.   Judge Nevas awarded the Defendant's motion on January 14, 2012.  He stated that he carefully considered the "voluminous" record, including "depositions and hundreds of pages of discovery," and ultimately concluded that the Plaintiff "has not shown the existence of a binding employment contract that would require Cisco to pay the salary and commissions that the Claimant alleges are due him or any evidence that would require Cisco to promote him to a director."  [Dkt. 25-3, Ruling on Motion for Summary Judgment].  He stated that "[i]n order to prevail, Hayden must establish that Cisco eliminated his position because of his age and that Cisco and Hayden had a binding employment agreement that required Cisco to pay Hayden annually $350,000.00 in base salary and commissions and an agreement to promote him to director with corresponding stock options.  There is nothing in the record to support these claims."  [*Id.*].  "On the contrary, the record clearly demonstrates that Cisco eliminated the position held by Hayden in the Connecticut sales region.  No one has been hired or transferred into his former

2

position.   His alleged replacement, Will Ash, held a different position related to

manufacturing."  [*Id.*].  Judge Nevas then listed his factual findings, which are

1. In July, 2008, Cisco began a restructuring of its U.S.
   Enterprise Sales Organization.

2. In August 2008, Cisco notified 38 employees of the
   job eliminations.

3. Hayden joined Cisco as an at will employee in 1999
   and remained so during his employment at Cisco.

4. In April 2007, Hayden accepted an offer from Area
   V.P. Gerald Lithgow of a newly created position in
   the Northeast Region of Cisco's Enterprise Sales
   organization.  While Hayden now claims that he was
   improperly paid, he never pursued this claim with
   Cisco while employed there.

5. Cisco notified Hayden of his job elimination on
   August 17, 2008, but continued his employment with
   Cisco until February 9, 2009.

6. Cisco Area V.P. Gerald Lithgow decided to eliminate
   Hayden's position in July 2008, because Cisco's new
   sales model did not support keeping his position in
   one region.

7. After he was notified, he did not make any age
   discrimination or breach of contract allegations with
   Cisco's Human Resources Manager nor did he claim
   that he had been replaced with a younger employee.

8. Hayden must prove that age was the "but-for" cause
   of his termination.  It is not enough if it was just a
   contributing or motivating factor.

9. The Claimant cannot establish a *prima facie* case of
   age discrimination in this case.

10. There is an inference against age discrimination in
    this case because Hayden was hired by Lithgow
    when he was 53 in April 2007, and was 55 when
    Lithgow eliminated his position a little over a year

later.

11. To establish an inference of discrimination, Claimant must show that his former position has been filled since his job elimination.  Since Claimant's job elimination, his position has not been filled and no longer exists.

12. Hayden has not pointed to any evidence to support his age discrimination claim other than his belief that Will Ash, a younger employee, filled his position.

13. Claimant's witness, John Dubraski, in his deposition, stated that Will Ash did not absorb the Claimant's position.

14. There is no evidence in the record that Will Ash replaced Hayden.

15. Claimant has not presented sufficient evidence to support his *prima facie* burden.

16. There is no evidence in this record to support a conclusion that Cisco's reason for eliminating Claimant's job was a pretext for age discrimination or that Hayden would not have been selected for layoff "but-for" his age.

17. Claimant's former position has not been filled since his departure from Cisco.  Thus, he cannot show he was replaced by a younger person.

18. Hayden has not claimed that Cisco failed to pay him wages.  Thus, his Connecticut wage claim cannot be sustained.

19. Hayden's wage and breach of contract claims are barred by the applicable two year Connecticut Statute of Limitations.

20. Hayden was an employee at will and cannot maintain a breach of contract claim against Cisco.

21. All of the remaining claims cannot be sustained because Claimant cannot establish a genuine issue

4

> as to any material fact that warrants a hearing on any
> of his claims.

[*Id.*].  Therefore, Judge Nevas concluded that

> Cisco's motion for summary judgment should be
> granted and judgment entered in its favor because there
> is no evidence that reasonably suggests that Cisco
> eliminated Hayden's position based upon his age or
> replaced him with a younger employee.  Claimant
> cannot demonstrate the existence of a binding
> employment contract or a statutory wage claim.  Even if
> he could, he cannot avoid the two year Statute of
> Limitations period nor make a claim that his wage claim
> is a breach of contract claim to avoid the limitations
> period.

[*Id.*].

The Plaintiff argues that the Arbitrator exceeded his powers by resolving

material issues of fact on summary judgment, in lieu of proceeding to a hearing,

and ignoring evidence in determining that the Plaintiff's claims could not sustain

a motion for summary judgment.

## III.    Legal Standard

"The role of a district court in reviewing an arbitral award is 'narrowly limited,'

and 'arbitration panel determinations are generally accorded great deference

under the FAA.'" *Agility Pub. Warehousing Co. K.S.C. v. Supreme Foodservice

GmbH*, 840 F. Supp. 2d 703, 710 (S.D.N.Y. 2011) (quoting *Tempo Shain v. Bertek*,

Inc., 120 F.3d 16, 19 (2d Cir. 1997)).  When a party to an arbitration applies to a

district court for an order confirming an arbitration award, "the court must grant

such an order unless the award is vacated, modified, or corrected" as prescribed

in the FAA. 9 U.S.C. § 9; *see Scandinavian Reins. Co. Ltd. v. Saint Paul Fire and Marine Ins. Co.*, 668 F.3d 60, 78 (2d Cir. 2012).

"[A] motion to vacate filed in a federal court is not an occasion for de novo review of an arbitral award." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004). "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Id.* (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003)); *see also ReliaStar Life Ins. Co. of New York v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) ("as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," a court's conviction that the arbitrator has "committed serious error" in resolving the disputed issue "does not suffice to overturn his decision") (citations and internal quotation marks omitted); *White v. Local 46 Metallic Lathers Union and Reinforcing Iron Workers of N.Y. City*, No. 01 Civ. 8277, 2003 WL 470337, at *5 (S.D.N.Y. Feb. 24, 2003) ("mistakes of fact, errors of law, inadequate reasoning or even arbitrary determinations" do not constitute grounds for vacating an arbitration award).

An arbitration award may be vacated only if the moving party demonstrates, by clear and convincing evidence, one of the Federal Arbitration

Act's ("FAA") four enumerated grounds or a common law manifest disregard of the law.[1]

Under the FAA, there are only four bases upon which an arbitration award can be vacated:

> (1) [w]here the award was procured by corruption, fraud or undue means; (2) [w]here there was evident partiality or corruption in the arbitrators, or either of them; (3) [w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) [w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made."

---

[1] Hayden seeks to vacate the Arbitration Decision under Conn. Gen. Stat. § 52-418(a)(4), which states that an arbitration award may be vacated "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."  There is, however, no practical difference between section 10(a)(4) of the FAA and § 52-418(a).  *See Singleton v. Grade A Mkt., Inc.*, 607 F. Supp. 2d 333, 341 (D. Conn. 2009) ("[d]ue to the similarities in [the Connecticut arbitration statute and the FAA] and the dearth of cases decided under ... the Connecticut statute, it is instructive to examine case law under the federal statute."); *Local 1336, Amalgamated Transit, Union, AFL-CIO v. First Student, Inc.*, No. 3:11-CV-1850(VLB), 2013 WL 588199, at *3 (D. Conn. Feb. 13, 2013) ("The statute governing arbitration awards in the state of Connecticut mirrors the FAA."); *Peters v. Pillsbury Winthrop Shaw Pitman, LLP*, No. FSTCV116009039, 2011 WL 5304627, at *1 (Conn. Super. Ct. Oct. 17, 2011) ("The language of the two statutes relevant to the motion to stay proceedings is virtually identical and federal and Connecticut state law on arbitration are similarly in concert.")

9 U.S.C. § 10(a).  The Plaintiff's basis for his petition is subsection (4): manifest disregard of the law.

"A court will vacate an arbitral award on this ground only if 'a reviewing court . . . find[s] both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'"  *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 263 (2d Cir. 2003) (quoting *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir.2000)).  This ground for vacatur requires a showing that the decision reflected "an egregious or patently irrational rejection of clearly controlling legal principles" amounting to a "manifest disregard of the law."  *Garrity v. McCasey*, 223 Conn. 1, 11 (1992); *Wilko v. Swan*, 346 U.S. 427, 436-37 (1953).

Furthermore, "the Second Circuit does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award."  *Wallace*, 378 F.3d at 193 (citations and internal quotation marks omitted); *Dolan v. ARC Mech. Corp.*, No. 11 CIV. 09691(PAC), 2012 WL 4928908, at *5 (S.D.N.Y. Oct. 17, 2012). Indeed, "[a] federal court may not conduct a reassessment of the evidentiary record."  *Wallace*, 378 F.3d at 193; *McQueen–Starling v. United Health Grp., Inc.*, No. 08 Civ. 4885(JGK), 2011 WL 104092, at *5 (S.D.N.Y. Jan. 11, 2011).  Instead, "[i]f a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed."  *Fahnestock & Co., Inc. v. Waltman*, 935 F.2d 512, 516 (2d Cir. 1991) (citations and internal quotation marks omitted);

*Finkelstein v. UBS Global Asset Mgmt. (US) Inc.*, No. 11 Civ. 356(GBD), 2011 WL 3586437, at *7 (S.D.N.Y. Aug. 9, 2011).  "Put another way, an arbitration award should be enforced, [even] despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached."  *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008) (citations and internal quotation marks omitted); *Kingsbury Navigation Ltd. v. Koch Shipping Inc.*, No. 11 Civ. 6575(DAB), 2012 WL 2345170, at *3 (S.D.N.Y. June 14, 2012) (same).

IV.   **Discussion**

The Plaintiff argues that the Arbitration Decisions is an impermissible "trial on the papers" and alleges that the "record reflects . . . [t]hat there was ample evidence of discriminatory bias that was ignored, and the arbitrator completely ignored the facts set forth in Hayden's Objection."  [Dkt. 24, Motion to Vacate Arbitration Decision, pp. 3, 7-8].  He also argues that the arbitrator failed to consider all of the claims presented in his demand.  [*Id.*].

First, the Plaintiff argues that the "arbitrator contravened of [sic] the standards that apply for deciding a motion for summary judgment.  Essentially, he was presented with several material issues of fact as to what motivated CISCO to discriminate against Mr. Hayden, how it discriminated against Mr. Hayden, and resolved those material issues in favor of CISCO."  [*Id.* at 3].  There is no allegation that Judge Nevas did not know the standard for granting a motion for summary judgment.  Indeed, the Arbitration Decision specifically states that "[a]ll of the remaining claims cannot be sustained because Claimant cannot establish a

9

genuine issue as to any material fact that warrants a hearing on any of this claims." [Dkt. 25-3, p. 4]. This statement makes clear that the arbitrator understood the appropriate standard to be applied. *See* Fed. R. Civ. P. 56(a). The Plaintiff also does not identify any specific facts from the decision with citations to substantial probative, and admissible evidence in the record demonstrating a material issue of fact.

The Plaintiff argues that the arbitrator erred by putting "the burden on Mr. Hayden to show the existence of material facts, and not on CISCO to show the non existence of any material fact. [Dkt. 24, p. 4]. The law is clear, however, that the opposing party bears the burden on a motion for summary judgment to produce facts that create a genuine issue of material fact to be tried. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Amaker v. Foley*, 274 F.3d 677, 680-81 (2d Cir. 2001). Ignoring this standard, the Plaintiff argues that the record was "replete with questions that do not lend themselves to resolution by way of summary judgment," specifically stating that the employer's intent was subject to contradicting evidence. [Dkt. 24, p. 4]. The Plaintiff overlooks, however, that summary judgment is routinely granted in employment discrimination actions where the employer's intent or motivation is frequently at issue. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). Therefore, the Plaintiff has failed to allege that the Arbitrator ignored or failed to correctly apply the summary judgment standard—a requirement for an application to vacate.

In *TIG Ins. Co. v. Global Int'l Reins. Co.*, the court denied a motion to vacate an arbitral award when the plaintiff claimed that "the arbitrator had before him various items of evidence that purportedly raised genuine issues of material fact, precluding summary judgment," but failed to consider these issues and improvidently granted the summary judgment motion.  640 F. Supp. 2d 519, 523 (S.D.N.Y. 2009).  The court held that "a claim that the arbitrator ignored relevant evidence . . . must fail, because the law 'does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award.'"  *Id.* (quoting *Wallace*, 378 F.3d at 193)); *see also Dolan*, 2012 WL 4928908, at *6 (noting that the plaintiff "fail[ed] to cite any valid law for the proposition that manifest disregard of the facts is a ground for vacatur of an arbitration award.").  Similarly here, the Plaintiff argues that Judge Nevas failed to consider certain evidence in rendering his decision, but manifest disregard of facts does not constitute manifest disregard of the law.

Furthermore, merely misapplying the law is not "grounds" for vacating an arbitration award under the FAA.  *See Hutchinson v. Farm Fam. Cas. Ins. Co.*, 500 F. Supp. 2d 87, 92 (D. Conn. 2007) ("Moreover, to the extent Farm Family argues that the arbitrators misapplied Maine's law, their claim fails because [a]n [arbitration] award may not be vacated under section 10 [of the FAA] on the grounds that the arbitrator failed to interpret correctly the law applicable to the issues in dispute or misinterpreted the underlying contract." (citations and internal quotation marks omitted); *Deiulemar Compagnia Di Navigazione, S.P.A. v. Transocean Coal Co., Inc.*, No. 03 CIV. 2038(RCC), 2004 WL 2721072, at *10 n.4

11

(S.D.N.Y. Nov. 30, 2004) ("misapplication does not equate with disregard, and neither the FAA, the New York Convention, nor Supreme Court precedent permits a district court to vacate an arbitration award merely because the arbitrators arguably got the decision wrong."); *Rent-A Center v. Banker*, 633 F. Supp. 2d 245, 257 (W.D. La. 2009) ("Regardless of whether the Arbitrator misapplied Federal Rule 56(c), misapplication of the law is not grounds for vacating an arbitration award under the FAA.").  Instead, to vacate an award, a party must make a "clear demonstration that the [arbitrator] intentionally defied the law," vacatur requires "more than a simple error in law or a failure by the arbitrators to understand or apply it."  *Duferco*, 333 F.3d at 389, 393 (citations and internal quotation marks omitted).  Here, the Plaintiff does not sufficiently allege that the Arbitrator intentionally defied the law.

Conversely, the record makes clear that Judge Nevas properly applied the standards in employment discrimination cases.  A "plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action."  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).  In his application to vacate, the Plaintiff does not address this standard or identify any evidence presented to the Arbitrator that could possibly satisfy the "but-for" standard.  Furthermore, Judge Nevas specifically found that there was no evidence that the Plaintiff's position at Cisco was filled after he was terminated, holding instead that the position was actually eliminated.  Courts routinely grant motions for summary judgment when the underlying position at issue is completely

12

eliminated.  *See Zito v. Fried, Frank, Harris, Shriver & Jacobson, LLP*, 869 F.
Supp. 2d 378, 399 (S.D.N.Y. 2012) ("Moreover, granting summary judgment on a
failure to promote claim is proper when the position has been eliminated.");
*O'Sullivan v. New York Times*, 37 F. Supp. 2d 307, 317 (S.D.N.Y. 1999) (granting
summary judgment when defendant offered evidence that the position was
eliminated due to an economic downturn).

Even if this Court were permitted to review the record, there is sufficient
evidence supporting the Arbitrator's holding that there was no genuine issue of
fact that age was the "but for" cause of Hayden's termination.  For example,
Judge Nevas stated that the evidence contained an inference against
discrimination because "Hayden was hired by Lithgow when he was 53 in April
2007, and was 55 when Lithgow eliminated his position a little over a year later."
[Dkt. 25-3, p. 3].  Furthermore, Judge Nevas found that there was sufficient
evidence showing that the Plaintiff's position "has not been filled and no longer
exists."  [*Id.*].

First, the Plaintiff does not contest that he was hired at 53 and was
subsequently fired just over a year later.  The Second Circuit has noted that
"[a]lthough each case [of employment discrimination] must involve an
examination of all the circumstances, some factors strongly suggest that
invidious discrimination was unlikely.  For example, when the person who made
the decision to fire was the same person who made the decision to hire, it is
difficult to impute to her an invidious motivation that would be inconsistent with

the decision to hire.  This is especially so when the firing has occurred only a short time after the hiring."  *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997), *cert. denied*, 525 U.S. 936 (1988).  In *Giordano v. Gerber Scientific Prods., Inc.*, the court used this "same actor inference" in granting summary judgment when the plaintiff alleged that he was hired at age forty-nine and then terminated nine months later at age fifty by the same persons who hired him.  No. 3:99CV00712(EBB), 2000 WL 1838337, at *6-7 (D. Conn. Nov. 14, 2000), *aff'd*, 24 F. App'x 79 (2d Cir. 2001).  Here, the facts showed that this inference against discrimination was applicable because the hiring and firing occurred in a short timeframe and the person responsible for both was the same.

Furthermore, the facts also show that the Plaintiff's position was eliminated and that it was not filled by another younger employee.  The Defendant submitted proof in the form of an affidavit and deposition testimony that since the Plaintiff's job elimination, no person has been hired or transferred into the Plaintiff's former position.  [*See* Dkt. 25-3, Memorandum of Law in Support of Respondent's Motion for Summary Judgment, p. 18 (citing Dubraski Dep. at 208; Lithgow Aff. at ¶ 20].  To contradict that evidence, the Plaintiff submitted to the Arbitrator an affidavit claiming that his position was filled by Ash, a younger, less-experienced employee.  [Dkt. 26, Reply to Defendant's Memorandum in Opposition to Application to Vacate Arbitration Decision, p. 3].  However, in that affidavit, the Plaintiff also admitted that he was advised in "August 2008 that [his] position was being eliminated."  [Hayden Affidavit, ¶ 23].  Therefore, the Arbitrator could have weighed the evidence finding in favor of the Defendant.  *See Stanojev v. Ebasco*

14

*Servs., Inc.*, 643 F.2d 914, 920 (2d Cir. 1981) ("No inference that the position from which he was dismissed might be filled by a younger person arises if there was no longer any position to fill.").  This Court is not permitted to vacate the decision merely on the basis that it disagrees with the ruling, and the Plaintiff has not shown that this is a situation where Judge Nevas made an "egregious or patently irrational rejection of clearly controlling legal principles."  *Garrity*, 223 Conn. at 11.

Finally the Plaintiff argues that the arbitrator committed manifest disregard of the law by not addressing in his opinion the Plaintiff's "claims that he was denied a promotion and refused a transfer because of his age."  [Dkt. 26, p. 5].  However, the Arbitration Decision clearly states that the "Claimant cannot establish a *prima facie* case of age discrimination in this case," "Hayden has not pointed to any evidence to support his age discrimination claim other than his belief that Will Ash, a younger employee, filled his position," and "[t]here is no evidence in this record to support a conclusion that Cisco's reason for eliminating Claimant's job was a pretext for age discrimination or that Hayden would not have been selected for layoff 'but-for' his age."  [Dkt. 25-3, p. 3].  These holdings are broad enough to cover all of the Plaintiff's claims, including the claim that the Plaintiff was discriminated against by Cisco in the denial of the promotion and refused transfer.  As stated previously, the FAA permits a court either to vacate or modify an arbitral award on certain, limited grounds.  "The arbitrators' failure to issue a written opinion . . . does not fall within this category."  *Bishop v. Smith Barney, Inc.*, No. 97 CIV. 4807(RWS), 1998 WL 50210,

15

at *8 (S.D.N.Y. Feb. 6, 1998); *see also Thian Lok Tio v. Wash. Hosp. Ctr.*, 753 F. Supp. 2d 9, 21 (D.D.C. 2010) ("Although the arbitrator did not render a detailed opinion as to the basis of his rulings on the motion for summary judgment, he was under no obligation to do so." (citing *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 532 (D.C. Cir. 1989) (holding that arbitrators are not required to explain the basis for their awards)); *cf*. Duferco, 333 F.3d at 390 ("[e]ven where an explanation for an award is deficient or non-existent, [the court] will confirm it if a justifiable ground for the decision can be inferred from the facts of the case"). Therefore, even though Judge Nevas may not have explained his decision in the detail expected by the Plaintiff, or in the amount of detail that this Court would have expressed, this is an insufficient ground for vacatur.

The Plaintiff also argues that aside from his discrimination claims, Judge Nevas also demonstrated manifest disregard of the law as related to his breach of contract and statutory wages claims.  [Dkt. 24, p. 7-8].  For the reasons stated above, the Plaintiff's application must be dismissed because he asks this Court to reweigh the facts of this case.  Evaluating evidence remains the exclusive province of the Arbitrator.  *See Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 213 (2d Cir. 2002) ("Under the manifest disregard standard, however, the governing law must clearly apply to the facts of the case, *as those facts have been determined by the arbitrator.*" (emphasis in the original)); *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 687 (2d Cir. 1996) (erroneous factual determination is not a ground for vacating an arbitral award).

16

Here, the Plaintiff does not state what facts he claims were ignored by Judge Nevas in disposing of these claims.  Instead, he argues that "[t]he arbitrator appears to have assumed – wrongly – that there was no . . . contract because nothing in writing was presented."  [Dkt. 24, p. 8].  This allegation alone is wholly insufficient for the Court to find that the arbitrator committed manifest disregard of the law.  The Plaintiff must allege that the arbitrator knew the law and intentionally failed to apply it.  Here, Judge Nevas concluded that Hayden's wage and breach of contract claims had no merit because they were barred by the relevant statute of limitations, the Plaintiff "has not claimed that Cisco failed to pay him wages," and "Hayden was an employee at will and cannot maintain a breach of contract claim against Cisco."  [Dkt. 24, pp. 3-4].  There is no support for the contention that the arbitrator failed to accept the notion that oral contacts are permissible and enforceable in Connecticut.

In any event, the record does not demonstrate that Judge Nevas ignored "a central claim of discrimination" in regard to an alleged job offer made to the Plaintiff.  Hayden contends that he accepted "a job under James Hughes that was suddenly and without explanation given to a younger employee," but this allegation is contradicted by the evidence.  Mr. Hughes attested in his affidavit that he spoke preliminarily to Hayden and other candidates about a potential position, but that the position never materialized due to the 2008 reorganization. [Dkt. 25-1, Declaration of James Hughes, ¶ 4].  Mr. Hughes further declared that he never filled the position that he discussed with Hayden.  [*Id.*].  This affidavit was only rebutted by the Plaintiff's conclusory allegation that Ash was given the

17

position initially offered to Hayden.  However, the Hughes declaration is
supported by Cisco's employment records demonstrating that Ash did not even
report to Hughes during the time in question.  [Dkt. 25-2, Exhibit 5].  These facts
were on the record and were considered by the arbitrator.  The Plaintiff does not,
in his application to vacate the decision, identity any probative and admissible
evidence that would refute these facts and continues to rely on his own
unsupported speculation.  The Plaintiff also does not make any argument alleging
that the decision that the claims were barred by the relevant statute of limitations
was in err.  Given that this uncontested basis is sufficient to affirm the grant of
summary judgment, the Plaintiff's application must be denied.

Finally, the Plaintiff's breach of contract claim based on wages was also
properly considered by Judge Nevas and his decision was supported by facts in
the record.  Judge Nevas found that the Plaintiff was an at-will employee.  All of
the Plaintiff's employment contracts contained at-will provisions, and the Plaintiff
admitted in his deposition that he understood he could quit at any time and could
be terminated at any time with or without reason.  [Dkt. 25-1, Hayden Deposition,
123:16-18 ("Q. Do you have an understanding that your employment with Cisco
was at all? A. Yes.")].  Judge Nevas also concluded that the Plaintiff's claim under
the Connecticut wage statute failed because there was no allegation that Cisco
failed to pay him wages.  [Dkt. 25-3, ¶ 18].  As stated previously, the Plaintiff does
not contest that the relevant statute of limitations holding was in err.  Given these
facts, the Plaintiff has not provided any basis to conclude that Judge Nevas

18

manifestly disregarded the law in denying the Plaintiff's breach of contract on wages theory and denying the Plaintiff's statutory wage claim.

## V.     Conclusion

Upon review of the record, there is a "colorable justification for the outcome reached" by the arbitrator.  *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008). For the foregoing reasons, the Plaintiff's application to vacate the Arbitration Decision is DENIED.

IT IS SO ORDERED.


_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge


Dated at Hartford, Connecticut: September 2, 2014